IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BIG HOUSE BOOKS,
CHARLES OWENS, and
JESS GREEN,



Plaintiffs

v.

Civil Action No. 3:18-cv-259-DPJ-FKB

PELICIA HALL, Commissioner
of the Mississippi Department of Corrections;
MISSISSIPPI DEPARTMENT OF CORRECTIONS;
JACQUELYN BANKS, Superintendent of the South
Mississippi Correctional Institution; SOUTH MISSISSIPPI
CORRECTIONAL INSTITUTION.

Defendants.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     One of the state prisons operated by the Mississippi Department of

Corrections ("MDOC") is the South Mississippi Correctional Institution ("SMCI").

That prison permits inmates to receive books through the mail only if the books

have been purchased or if the books are religious.  Inmates are not permitted to

receive free, non-religious books by mail. They cannot receive donated books

through the mail such as novels, history books, GED preparation handbooks, or

any other secular books.   The only way to receive secular books through the mail

is if the prisoner, family member, or other sender pays for them.  This restriction

1

violates the First and Fourteenth Amendments to the United States Constitution. The Plaintiffs seek declaratory relief and an injunction requiring the MDOC and its Commissioner, as well as SMCI and its warden, to remove this unconstitutional restriction on books for prisoners.

*Jurisdiction and Venue*

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and 42 U.S.C. § 1983.   Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.   Venue is proper under 28 U.S.C. § 1391(b)(1)-(2).

*Parties*

3.      Plaintiff Big House Books (BHB) is a 501(c) (3) non-profit organization based in Jackson, Mississippi.   BHB is a community-based literacy program working to ensure that inmates in their communities have access to free books, including novels, history books, puzzle books, GED manuals, and educational resources.   Inmates write to BHB to request books, sometimes by title and other times by genre.   Upon approving the request, BHB then sends a package via United States Postal Service ("USPS") media mail to the inmate, enclosing up to three soft-cover free books per month, in accordance with MDOC's policy regarding mailing.   For several years, BHB has been recognized by MDOC as a book distributor that is allowed to send requested free books to inmates at MDOC

prisons. Previously, it was allowed to do so at all of the MDOC prisons. It is still allowed to do so at most of them. But not at SMCI.

4. Plaintiff Charles Owens is an inmate at the SMCI.

5. Plaintiff Jess Green is an inmate at the SMCI.

6. Defendant Pelicia Hall is the Commissioner of Corrections for the MDOC. She is responsible for operating the Department and its prisons and insuring that they comply with the Constitution. This responsibility includes what the MDOC designates as its three "state prisons," one of which is SMCI. Commissioner Hall has permitted and sanctioned the unconstitutional restriction that is the subject of this complaint. Further, she has promulgated MDOC policies that have been used to justify the restriction.

7. Defendant MDOC is the agency that operates prisons within Mississippi, including SMCI, and is responsible for insuring that they comply with the Constitution. The MDOC has permitted and sanctioned the unconstitutional restriction at SMCI that is the subject of this complaint. Furthermore, MDOC has promulgated policies that have been used to justify the restriction.

8. Defendant Jacquelyn Banks is the Superintendent of SMCI. Subject to direction from the Commissioner of Corrections and the MDOC, she is responsible for operating SMCI and for ensuring that it complies with the

Constitution.  She has permitted and sanctioned this unconstitutional restriction at SMCI.

9.      Defendant SMCI is one of three "state prisons" in Mississippi. Plaintiffs Charles Owens and Jess Green are housed at SMCI.  SMCI has permitted and sanctioned the unconstitutional restriction at issue in this case.

*Factual Background*

10.      BHB has been shipping free books to prisoners at all MDOC prisons, including SMCI, since at least January of 2015.  Other book distributors had been sending free books to MDOC prisons, including SMCI, for several years prior to 2015.

11.      Beginning in 2017, SMCI stopped allowing free, non-religious books to be sent directly to prisoners.  SMCI continues to allow paid books of any type, as well as free religious books, to be sent directly to prisoners.

12.      BHB first learned of this change in practice when SMCI returned a book that BHB had sent to Plaintiff Charles Owens as undelivered.  Mr. Owens received a notice from prison postal inspector L. Taylor about that book on May 1, 2017, stating that, "Big House Books are free books.  Free books are not allowed due to policy 31:01."

13.      Mr. Owens immediately filed a complaint about the undelivered book and received a notice from prison postal inspector, L. Taylor, on May 2, 2017

4

stating that "you can no longer get the Big House Books [or] any books that are free unless it is religious materials."

14.     On June 7, 2017, Plaintiff Jess Green received a notice from L. Ball of the SMCI Postal Inspection Department stating that a book sent to him was being returned because "free books to prisoners are not allowed" and referring to "policy 31-01-01 # 32."

15.     On June 13, 2017, Mr. Owens received a notice from T. Wheeler of the SMCI Postal Inspection Department stating that a book sent to him was being returned because "free books to prisoners are not allowed" and referring to "policy 31-01-01 # 32."

16.     Mr. Owens has exhausted the MDOC Administrative Remedy Program ("ARP") regarding the denial of his requested books.  His requests for an administrative remedy have been denied.  During the course of the process, he was informed by a prison mailroom official that due to the MDOC Standard Operating Procedures, "Incoming publications will be prepaid."   Subsequently, Mr. Owens filed a second series of ARPs but was informed by a prison official that due to his prior ARP "deal[ing] with this issue," the issue was "closed" and he "cannot re-file the same complaint."

17.     Mr. Green has exhausted or attempted to exhaust the MDOC ARP regarding the denial of his books.  His requests for an administrative remedy have

been denied. During the course of the process, he was informed by a prison mailroom official that, due to the MDOC Standard Operating Procedures, "Incoming publications will be prepaid." Moreover, as Mr. Owens learned, the prison staff is now treating the issue as "closed" and ARP requests are futile.

18. By letter dated December 11, 2017, BHB (through counsel) sent a letter to Commissioner Hall regarding SMCI's unconstitutional restriction. However, neither Commissioner Hall nor MDOC did anything to correct the problem and remove the restriction.

19. On January 11, 2018, Mr. Owens sent a request to Ms. Clark in the SMCI mailroom and asked: "Can you tell me if the policy/practice regarding free books has changed?? Are they now being allowed in or are they still prohibited??" Ms. Clark responded on January 31, 2018 and stated: "Mr. Owens, free religious material does not affect your 'book count.' To the best of my knowledge, no sir, there have been no changes."

20. Mr. Owens and Mr. Green have both been allowed to receive books that were paid for, and other prisoners have as well.

21. Prisoners at SMCI are being allowed to receive religious books directly, even if they are free.

22. The restriction that prohibits BHB from sending free, non-religious books to prisoners, and prohibit prisoners such as Mr. Owens and Mr. Green from

receiving them, is not rationally related to any legitimate penological interest or other security interest. The restriction discriminates against inmates like Mr. Owens and Mr. Green who sometimes wish to read donated, non-religious books. The restriction discriminates on the basis of religious content and limits prisoners' access to donated, non-religious books without any justification.

*Violation*

23.    The restriction that prohibits BHB from sending free, non-religious books to prisoners, and prohibits prisoners such as Mr. Owens and Mr. Green from receiving them, violates the First and Fourteenth Amendments to the United States Constitution.

24.    The Court should declare that this restriction violates the First and Fourteenth Amendments to the United States Constitution.

25.    The Court should issue an injunction requiring the Defendants and their officers, employees, and agents, and all acting in concert with them, to remove this unconstitutional restriction and reinstate BHB's ability to send personal packages to prisoners containing their requested, free, non-secular reading material.

26.    The Court should grant the Plaintiffs their costs, expenses, attorneys' fees, and such other relief to which they may be entitled.

Respectfully submitted,

ROBERT B. MCDUFF, MSB# 2532
767 North Congress Street
Jackson, MS 39202
(601) 969-0802
rbm@mcdufflaw.com


BETH L. ORLANSKY, MSB# 3938
MISSISSIPPI CENTER FOR
JUSTICE
P.O. Box 1023
Jackson, MS 39205-1023
(601) 352-2269
borlansky@mscenterforjustice.org